FILED

KATHLEEN EISENBERG
25431 PRADO DE LAS FRESAS
CALABASAS, CA 91302
*Defendants, In Pro Se*

2020 MAR -9 AM 9:19

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**LACV20-02251-ODW(PLAx)**

| | |
|---|---|
| CITIBANK, N.A. AS TRUSTEE FOR AMERICAN HOME MORGAGE ASSETS TRUST 2006-4 MORTGAGE BACKED PASS-THROUGH CERTIFICATES SERIES 2006-4<br><br>PLAINTIFF,<br><br>VS.<br><br>KATHLEEN EISENBERG; AND DOES 1 THROUGH 25, INCLUSIVE<br><br>DEFENDANTS | Case No.:<br><br>**NOTICE OF REMOVAL**<br>[28 USC 1441, 1446 (d)]<br>Calif. CCP 430.90]<br><br>from the LOS ANGELES County Superior Court,<br>Case #: **19VEUD03443** |

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendants KATHLEEN EISENBERG, and Plaintiff CITIBANK, N.A. AS TRUSTEE FOR AMERICAN HOME MORGAGE ASSETS TRUST 2006-4 MORTGAGE BACKED PASS-THROUGH CERTIFICATES SERIES 2006-4 are those parties in a California State Court filed in the LOS ANGELES County Superior Court, VAN NUYS SUPERIOR COURT, concerning real property located at 25431 PRADO DE LAS FRESAS CALABASAS, CA 91302

2. Defendant KATHLEEN EISENBERG is the former tenant of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court against the former tenant of the premises, Defendant KATHLEEN EISENBERG is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:

ANDREW E. MINA ESQ  949.679.1111
9970 RESEARCH DR
IRVINE, CA 92618

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

   a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175,

182], Section 702(a)(2) of the PTFA makes the purchaser at the foreclosure sale subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on mere 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit.

Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal*. 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior Court Court, and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues in resolving such issues, and (3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg*. 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to

express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:

    a. Defendant KATHLEEN EISENBERG is a member of a protected

      class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.

b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by

    i. The language of the PTFA, particularly 702(a),

    ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc* 500 Fed 3d, 1019, 1024 (9th, 2007)], and

    iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly where here, as in Civil Rights legislation, Congress intended to occupy the filed and break tradition, with a bold new law

intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremecy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facide case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

1  17. Defendant, KATHLEEN EISENBERG is bona fide residential
2  tenant of a foreclosed landlord, entitled to the protection of
3  the PTFA, and entitled to remove this action to Federal Court.
4  18. Under California code of Civil Procedure 430.90, the state
   trial court hereby loses jurisdiction under the Federal Rules
   of Civil Procedure and does not recover jurisdiction, if at
   all, until and unless this action is remanded to the state
   Court, after which jurisdiction will again attach as
   described in that statue.

DATED: 3-6-20

_K. Eisenberg_
KATHLEEN EISENBERG, In Pro Se

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 65 Pine Ave Suite 171 Long Beach, CA 90802

On **3-6-20** I served the foregoing document(s) described as: **NOTICE OF REMOVAL** to the following parties:

ANDREW E. MINA ESQ 949.679.1111
9970 RESEARCH DR
IRVINE, CA 92618

[ X ] (By U.S. Mail) I deposited such envelope in the mail at Long Beach, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: **3-6-20**

_____
Francisco Bourne

[NOTICE OF REMOVAL]

Electronically FILED by Superior Court of California, County of Los Angeles on 12/23/2019 11:16 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Ellison, Deputy Clerk
19VEUD03645

Assigned for all purposes to: Van Nuys Courthouse East, Judicial Officer: Jessica Uzcategui

Andrew H. Mina (SBN 323044)
HOUSER LLP
9970 Research Drive
Irvine, CA 92618
Tel.    (949) 679-1111
Fax:   (949) 679-1112
E-mail: amina@houser-law.com

Attorneys for Plaintiff,
Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-4, Mortgage-Backed Pass-Through Certificates Series 2006-4

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-4, MORTGAGE-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-4,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN EISENBERG; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR UNLAWFUL DETAINER AGAINST OCCUPANTS HOLDING OVER AFTER NONJUDICIAL SALE UNDER POWER OF SALE IN DEED OF TRUST<br><br>[ACTION BASED ON CCP§§ 1161a]<br><br>LIMITED CIVIL CASE<br><br>Demand up to $10,000.00 |

Plaintiff Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-4, Mortgage-Backed Pass-Through Certificates Series 2006-4 ("Plaintiff") alleges as follows:

1.    At all times herein mentioned, Plaintiff was and is qualified to do business in the County of Los Angeles, State of California.

2.    Plaintiff is informed and believes and thereon alleges that, Defendant Kathleen Eisenberg is, and at all times mentioned, was, in possession of the real property located at 25431 Prado de las Fresas, Calabasas, CA 91302 (the "Property").

COMPLAINT FOR UNLAWFUL DETAINER
1

3. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants named in this Complaint as DOES 1 through 25, inclusive, are not known to Plaintiff who therefore sues said Defendants by such fictitious names under the provisions of Section 474 of the California *Code of Civil Procedure*. Plaintiff is informed and believes, and thereon alleges that Defendants DOES 1 through 25, inclusive claim a right to possession of the premises against Plaintiff. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes, and thereon alleges that each of the defendants is, and at all times mentioned, was, the agent and employee of each of the remaining defendants, and in doing the things alleged, was acting within the scope of such agency and employment. Plaintiff is informed and believes, and thereon alleges that each of the defendants ratified, approved and accepted the benefits of facts of each of the remaining defendants with full knowledge of the nature and effect of such acts.

5. Plaintiff is the owner of the Property and is entitled to possession.

6. On or about November 19, 2019, Plaintiff became the owner of the Property by purchasing the Property at a trustee's sale held in compliance with California *Civil Code* section 2924. Plaintiff duly perfected its title by recording a Trustee's Deed Upon Sale on December 2, 2019 in the Official Records of Los Angeles County Recorder's Office as Instrument No. 20191319344. A true and correct copy of the recorded Trustee's Deed Upon Sale is attached here as Exhibit 1.

7. At the time of the sale, the Defendant was in possession of the Property and has remained in possession after the sale without consent of the Plaintiff. Defendant's title to and/or right to possess the Property was extinguished by the trustee's sale.

8. On December 18, 2019 Plaintiff caused to be served a written Three Day Notice to Quit (the "Notice") demanding that all persons vacate the Property within three days after service of the Notice. A true and correct copy of the Notice is attached here as Exhibit 2.

9. The Notice was served pursuant to California *Code of Civil Procedure* section 1162(a) by attempting service on a person of suitable age or discretion at the Property, and after

COMPLAINT FOR UNLAWFUL DETAINER
2

not finding such a person of a suitable age or discretion at the Property through the exercise of reasonable diligence, then by affixing a copy in a conspicuous place on the Property, and also sending a copy through the mail addressed to Defendants at the address where the Property is situated. A true and correct copy of the proof of service of the Notice is attached as Exhibit 3.

10. More than three days have elapsed since the service of the Notice and Defendants have failed to deliver up possession of the Property and continue in possession of the Property without Plaintiff's permission or consent.

11. The reasonable rental value of the use and occupancy of the premises is the sum of $261.67 per day, and damages to Plaintiff caused by Defendants unlawful detention have accrued at that rate commencing with expiration of the Notice on December 23, 2019 and up through entry of judgment, in a total sum according to proof.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For immediate possession of the Property;

2. For damages at the rate of $261.67 per day, according to proof at trial, for each day Defendants continue in possession of the Property, commencing December 23, 2019;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

DATED: December 26, 2019

HOUSER LLP

By: _____
Andrew E. Mina
Attorney for Plaintiff,
Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-4, Mortgage-Backed Pass-Through Certificates Series 2006-4

COMPLAINT FOR UNLAWFUL DETAINER
5